Joe Angelo (Bar #268542)
jangelo@gajplaw.com
Gale, Angelo, Johnson, & Pruett, P.C.
1430 Blue Oaks Blvd., Ste. 250
Roseville, CA 95747
916-290-7778 ph
916-721-2767 fax

Attorneys for Plaintiff
Michelle Sanchez

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA - OAKLAND DIVISION

| | |
|---|---|
| Michelle Sanchez,<br><br>       Plaintiff,<br><br>  v.<br><br>General Motors Financial Company, Inc.<br><br>       Defendant. | CASE NO.  4:21-cv-01241<br><br>PLAINTIFF'S COMPLAINT FOR DAMAGES:<br><br>1. Violation of the Rosenthal Fair Debt Collection Practices Act<br>2. Violation of the Telephone Consumer Protection Act<br>3. Intrusion Upon Seclusion |

COMES NOW Plaintiff Michelle Sanchez, an individual, based on information and belief, to allege as follows:

## **INTRODUCTION**

1.  This is an action for damages brought by an individual consumer for Defendant's violations of the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788, *et seq.* (hereinafter "Rosenthal Act"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices, intrusion upon seclusion, which California has adopted from §652B of the Restatement (Second) of Torts, and violation of the Telephone Consumer Protection Act 47 U.S.C. §227, *et seq.* (hereinafter "TCPA"), which prohibits the use of automated dialing equipment when making calls to consumers.

2.   Plaintiff brings this action against Defendant General Motors Financial Company, Inc. (hereinafter "Defendant" or "General Motors") for its abusive and outrageous conduct in connection with debt collection activity in response to receiving over thirty-nine (39) telephone calls.

3.   In Calif. Civil Code § 1788.1(a)-(b), the California Legislature made the following findings and purpose in creating the Rosenthal Act:

(a)(1) The banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts. Unfair or deceptive collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers.

(2) There is need to ensure that debt collectors and debtors exercise their responsibilities to another with fairness and honesty and due regard or the rights of the other.

(b) It is the purpose of this title to prohibit debt collectors from engaging in unfair or deceptive acts of practices in the collection of consumer debts and to require debtors to act fairly in entering into and honoring such debts, as specified in this title.

4.   While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

5.   The TCPA was designed to prevent calls like the ones described herein, and to protect the privacy of citizens like Plaintiff, and by enacting the TCPA, Congress intended to give consumers a choice as to how corporate entities may contact them and to prevent the nuisance associated with automated or prerecorded calls.

## JURISDICTION & VENUE

6.   This Court has jurisdiction under 28 U.S.C. §§ 1331, 1337, and 1367, and 47 U.S.C. § 227.

7.   This venue is proper pursuant to 28 U.S.C. §1391(b).

8.   Plaintiff is a citizen of the State of California and resides within this judicial district.

9.   Defendant is a nationwide automobile finance company that does business throughout the United States, including California.

**GENERAL ALLEGATIONS**

10.   Plaintiff Michelle Sanchez (hereinafter "Plaintiff") is an individual residing in the state of California and is a "debtor" as defined by Cal. Civ. Code §1788.2(g).

11.   At all relevant times herein, General Motors was a company engaged, by the use of mail, email, and telephone, in the business of collecting a debt from Plaintiff, and a "consumer debt," as defined by Cal. Civ. Code §1788.2(f).

12.   At all relevant times, Defendant acted as a "debt collector" within the meaning of Cal. Civ. Code §1788.2(c)

13.   Plaintiff financed a vehicle through General Motors in early 2019.

14.   The account Plaintiff opened with Defendant was primarily for personal, family or household purposes and is therefore a "debt" as that terms is defined by the Calif. Civil Code § 1788.2(d) of the Rosenthal Act.

15.   Plaintiff's account was a secured credit account and Plaintiff began making payments on the loan shortly after the vehicle was financed.

16.   The financed vehicle was subsequently involved in an automobile accident and declared a total loss.

17.   Payout from the accident did not cover General Motor's entire loan balance.

18.   Plaintiff stopped making payments on the loan after the vehicle was totaled.

19.   Defendant has been attempting to collect on a debt that originated from monetary credit that was extended primarily for personal, family, or household purposes, and was therefore a "consumer credit transaction" within the meaning of Calif. Civil Code § 1788.2(3) of the Rosenthal Act.

20.   Because Plaintiff, a natural person allegedly obligated to pay money to Defendant rising from what Plaintiff is informed and believes was a consumer credit transaction, the money allegedly owed was a "consumer debt" within the meaning of California Civil Code § 1788.2(f) of the Rosenthal Act.

21.   Plaintiff is informed and believes that Defendant is one who regularly collects or attempts to collect debts on behalf of themselves, and is therefore a "debt collector" within the meaning of

the Calif. Civil Code § 1788.2(c) of the Rosenthal Act, and thereby engages in "debt collection" within the meaning of the California Civil Code § 1788.2(b) of the Rosenthal Act, and is also therefore a "person" within the meaning of California Civil Code § 1788.2(g) of the Rosenthal Act.

22. Defendant began contacting Plaintiff in approximately May or June of 2020 to inquire about the status of the account and to collect on the payments that were no longer being made.

23. Plaintiff retained counsel to assist in dealing with Defendant's debt and to seek some type of financial relief.

24. Counsel for Plaintiff sent Defendant a letter confirming representation of Plaintiff and informing Defendant that it was to no longer contact Plaintiff directly and that all calls/letters/collection efforts were to no longer be directed at Plaintiff.

25. The contents of the letter also informed Defendant that Plaintiff was withdrawing her consent to be contacted on her cellular telephone.

26. Counsel for Plaintiff sent the letter of representation via certified mail to Defendant on July 21, 2020.

27. Defendant received and processed the certified letter on July 24, 2020

28. Plaintiff informed Defendant that she was revoking her consent to be called on her cellular telephone in July of 2020.

29. Defendant continued to contact Plaintiff even after receiving the July 21, 2020 letter of representation and revocation of consent.

30. Defendant also sent written payment demands to Plaintiff regarding the outstanding loan balance.

31. Defendant, despite receiving notice from Plaintiff, continued to contact Plaintiff through phone calls to Plaintiff's cellular telephone.

32. Defendant would sometimes call Plaintiff numerous times each day demanding payment on the account.

33. Defendant would use an automatic dialing machine when placing the calls to Plaintiff.

34.  Plaintiff was contacted repeatedly regarding non-payment of the debt owed to Defendant despite Defendant being notified that Plaintiff had retained counsel to deal specifically with the debt owed to Defendant and that Plaintiff revoked consent to be contacted on her cellular telephone.

35.  Defendant's calls were frequent in nature and continued despite receiving written confirmation that Plaintiff was represented by an attorney and that all calls to Plaintiff's cellular telephone were to stop.

36.  Despite receiving written notice regarding Plaintiff's representation by counsel and revocation of her consent to be contacted on her cellular telephone Defendant continued to call and contact Plaintiff daily regarding her account with Defendant.

## FIRST CAUSE OF ACTION
(Violation of the Rosenthal Act)
(Cal. Civ. Code §§ 1788-1788.32)
(Against Defendant General Motors)

37.  Plaintiff realleges and incorporates herein the allegation in each and every paragraph above as though fully set forth herein.

38.  Plaintiff provided written notice that she was represented by sending Defendant a letter with the name, address, and contact information of her attorney and informed Defendant that she was represented.

39.  Defendant continued to call and attempt to make contact with Plaintiff despite receiving notice of representation and being informed that Plaintiff had retained counsel in an effort to deal with the debt that was owed to Defendant.

40.  The calls and communications made by Defendant to Plaintiff were not related to statements of Plaintiff's account and were attempts to collect a debt.

41.  To date Plaintiff has received over 39 calls and from Defendant after Defendant was made aware that Plaintiff was represented by an attorney.

42.  Defendant violated Cal. Civ. Code §1788.14 by contacting Plaintiff after receiving noticed that Plaintiff had retained an attorney.

## SECOND CAUSE OF ACTION
(Violation of the Rosenthal Act)
(Cal. Civ. Code §§ 1788-1788.32)
(Against Defendant General Motors)

43.   Plaintiff realleges and incorporates herein the allegation in each and every paragraph above as though fully set forth herein.

44.   General Motors placed over 39 calls to Plaintiff.

45.   Plaintiff was contacted multiple times per day by General Motors

46.   General Motors violated Cal. Civ. Code §1788.11 by calling Plaintiff over 39 times in a deliberate attempt to call Plaintiff repeatedly and annoy Plaintiff.

## THIRD CAUSE OF ACTION
(Violation of the TCPA)
(47 USC § 227)
(Against Defendant General Motors)

47.   Plaintiff realleges and incorporates herein the allegation in each and every paragraph above as though fully set forth herein.

48.   Defendant was informed that Plaintiff revoked her consent to be contacted by Defendant in July of 2020.

49.   Defendant called Plaintiff numerous times since Plaintiff withdrew her consent to be contacted by an automatic dialing machine.

50.   Defendant would contact Plaintiff nearly daily regarding payment on the accounts.

51.   Defendant placed the above cited calls using an artificial or prerecorded voice to deliver the collection messages without Plaintiff's prior express consent.

52.   All calls placed by Defendant to Plaintiff utilized an "automatic telephone dialing system" as defined by 47 U.S.C. §227(a)(1).

53.   These calls were made to Plaintiff's cellular telephone and were not calls for an emergency purposed as defined by 47 U.S.C. §227(b)(1)(B).

54.   Plaintiff expressly revoked any consent that may have previously been given to Defendant to be contacted by an automatic dialing machine in July of 2020.

55. Overall Plaintiff was contacted on at least 39 (thirty-nine) separate occasions by Defendant on her cellular phone despite informing Defendant that she was revoking any consent to be contacted on her cellular telephone.

56. These telephone calls by Defendant, or its agent, violated 47 U.S.C. §227(b)(1)(A)(iii).

**FOURTH CAUSE OF ACTION**
(Intrusion Upon Seclusion)
(Against Defendant General Motors)

57. Plaintiff realleges and incorporates herein the allegations in each and every paragraph above as set forth herein.

58. The California legislature explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Rosenthal Fair Debt Collection Practices Act and incorporating most of the Federal Act's provisions into the Rosenthal Act.

59. According to findings by the FCC, the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.

60. General Motors intentionally interfered, physically or otherwise, with the solitude and seclusion of Plaintiff, namely by engaging in unlawful and intrusive communications.

61. General Motors intentionally caused harm to Plaintiff's emotional well-being by engaging in highly offensive conduct in the course of collecting its debt, and thereby invaded and intruded upon Plaintiff's rights to privacy.

62. Plaintiff has a reasonable expectation of privacy in her solitude, seclusion, and/or private concerns and affairs.

63. These intrusions and invasions against Plaintiff by General Motors occurred in a way that would be highly offensive to a reasonable person in that position.

64. General Motors received notice stating that it was no longer to contact Plaintiff as she was represented by counsel and revoked her consent to be contacted on her cellular telephone.

65. As a result of such invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from General Motors.

66.  General Motors also acted with oppression, fraud, and/or malice, thereby entitling Plaintiff to punitive damages in an amount according to proof and a finder of fact at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment as follows:

**a.** An award of actual damages pursuant to California Civil Code §1788.30(a), as will be proven at trial, which are cumulative and in addition to all other remedies provided for in any other cause of action pursuant to California Civil Code §1788.32,

**b.** An award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code §1788.30(b), which are cumulative and in addition to all other remedies provided for in California Civil Code §1788.32,

**c.** An award of costs of litigation and reasonable attorney's fees pursuant to Cal. Civ. Code §1788.30(c),

**d.** An award of statutory damages of $1,500.00 pursuant to 47 U.S.C. §227(b)(3)(C) for each and every violation,

**e.** An award of exemplary damages pursuant to CCC § 3294, and

**f.** Pursuant to 47 U.S.C. §227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

**Gale, Angelo, Johnson, & Pruett, P.C.**

Dated: February 22, 2021          By:     */s/ Joe Angelo*
                                                  Joe Angelo
                                                  Attorney for Plaintiff

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands trial of this matter by jury.

**Gale, Angelo, Johnson, & Pruett, P.C.**

Dated: February 22, 2021                    */s/ Joe Angelo*
                                                  Joe Angelo
                                                  Attorney for Plaintiff